IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BOBO, | ) | CASE NO. 1:14 CV 1835 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ERIC IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

Before me[1] in this matter of Victor Bobo's *pro se* amended complaint[2] under 42 U.S.C. § 1983 against various defendants alleging mistreatment while Bobo was incarcerated at the Cuyahoga County is Bobo's *pro* se response[3] to my order[4] to show good cause for failing to serve any named defendant in the amended complaint. For the reasons that follow, I will find that Bobo has not shown good cause for his failure to serve any named defendant, and thus the amended complaint should be dismissed.

As was noted in my show cause order, the record of this case does not show that Bobo served any defendant with his amended complaint within the time required for service by the

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 15.

[2] ECF # 13.

[3] ECF # 36.

[4] ECF # 35.

Federal Rules of Civil Procedure.[5] My order gave Bobo an opportunity to show good cause for that failure and so avoid dismissal of his complaint.[6]

While tacitly conceding that he has not properly served the defendants, Bobo contends in his response to my order that the reason for not serving any defendant was his "mistaken notion that the United States Marshall's [*sic*] office had already served the amended complaint on the defendants ...."[7] Bobo further argues that additional reasons for not timely serving any defendants were his "lack of knowledge and confusion" regarding service, and the fact that he had been incarcerated during the relevant time and so unable to make service himself.[8] He further asked that the Court give him "instructions as to how the defendants in this case are to be served properly."[9]

In *Habib v. General Motors Corporation*[10] the Sixth Circuit articulated the relevant law regarding the application of Rule 4(j)[11] of the Federal Rule of Civil Procedure in cases

---

[5]*Id*. at 2.

[6]*Id*.

[7]ECF # 36 at 1.

[8]*Id*. at 1, 2.

[9]*Id*. at 2.

[10]*Habib v. General Motors Corp.*, 15 F.3d 72 (6th Cir. 1994).

[11]*Habib* was construing former Rule 4(j) which is now Rule 4(m). *See, Horn v. Dept. of Defense*, No. C-3-97-550,1999 WL 33117271 at * 3 (S.D. Ohio March 19, 1999).

where the district court has required a plaintiff to show good cause for a failure to make timely service:

> FED.R.Civ.P. 4(j) sets forth, in relevant part:
>
>> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of a complaint and the party whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion . . . .
>
>> Absent a showing of good cause to justify a failure of timely service. FED.R.CIV.P 4(j) compels dismissal. Plaintiff bears the burden to establish good cause. FED.R.CIV.P.4(j). The determination of good cause is left to the sound discretion of the district court. A district court decision, within its sound discretion, will not be disturbed absent a showing of abuse. An abuse of discretion exists only where the reviewing court is certain that a mistake was made.[12]

The Sixth Circuit went on to review the reasons which may be accepted as showing good cause:

>> To demonstrate good cause, other courts have held that a plaintiff may also show he/she made a reasonable and diligent effort to effect service. (Court found diligent attempt at service which precluded FED.R.CIV.P. 4(j) dismissal where service was attempted soon after a court order ruled a previous attempt ineffective). The legislative history to the FED.R.CIV.P. 4 amendments of 1983 also refers to "diligence" and "reasonable efforts to effect service." This court is also mindful that

---

[12]*Habib*, 15 F.3d at 73 (*internal citations omitted*).

-3-

>FED.R.CIV.P. 4(j) must be construed leniently with regard to
>pro se litigants such as Habibs.[13]

Here, unlike the situation in *Habib*, Bobo has made no effort on his own to comply with making service, even when he had been placed on notice by my Order that service had not been accomplished. As such, Bobo's mistake in assuming that the United States Marshals would have accomplished the service here does not excuse his failure nor provide good cause for it.[14]

Moreover, even crediting Bobo with the fact that he is proceeding *pro se*,[15] his actions over the lengthy course of this matter show that he is more than capable of taking action when required despite being technically untrained and incarcerated.[16] By here taking no action on his own immediately upon receipt of my Order but rather seeking to push the entire matter back into the Court's lap, Bobo has not displayed "diligence" in pursuing his own case nor shown "reasonable efforts to effect service," which is his burden to establish.[17] Specifically, I find that, Bobo's *pro se* status and his lack of personal diligence is in no way equivalent to sudden, severe illness of a spouse which impaired Habib from making timely

---

[13]*Id*. at 74.

[14]*See, Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)("inadvertent failure" does not constitute good cause).

[15]*See, Habib*, 15 F.3d at 74 (*internal citations omitted*).

[16]In that regard, I am mindful that Bobo, while in jail, was able to direct an attorney to personally appear in my chambers within a matter of hours in an unsuccessful attempt to avoid dismissal of an earlier version of this case for want of prosecution.

[17]*Id*. at 73.

service, despite the fact that he otherwise made diligent efforts to comply with the district court's order.[18]

That said, I am further mindful that Rule 4(m) is construed as no longer requiring dismissal in cases where no good cause is shown for a failure to perfect timely service, but instead may allow the Court in its discretion to extend the deadline for service for a specified period.[19] In that regard, I am mindful that this matter was originally filed in 2014, and that it has already been dismissed once without prejudice due to want of prosecution. While Bobo has grounds as a *pro se* plaintiff to expect leniency in the application of the rule to this case, the unserved defendants also have a right to expect fairness regarding their position and a timely resolution of this matter.

Accordingly, for the reasons stated above, I find that Bobo has not established a good reason for his failure to serve the named defendants of the amended complaint, and that dismissal of this action without prejudice is appropriate.

Therefore, the matter is hereby dismissed without prejudice.

IT IS SO ORDERED.

Dated: August 25, 2016               s/ William H. Baughman, Jr.
                                     United States Magistrate Judge

---

[18]*Id*. at 74-75.

[19]*Horn*, 1999 WL 33117271 at * * 4, 5 (collecting cases).